IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Charles J. and<br>Therese A. Thurston, | Case No. C-1-02-363 |
| **Plaintiffs,** | **(Judge Herman J. Weber)** |
| **v.** | **(Magistrate Judge Timothy S. Hogan)** |
| United States of America, | |
| **Defendant.** | **JURY DEMAND ENDORSED HEREON** |

### AMENDED COMPLAINT FOR REFUNDS AND JURY DEMAND

Plaintiffs, Charles J. and Therese A. Thurston ("Plaintiffs"), state the following as their complaint against defendant, The United States of America:

### PARTIES AND JURISDICTION

1.      This action is a petition for refunds of income taxes paid for tax years 1993 and 1994 which have been disallowed by the Internal Revenue Service (the "IRS").

2.      Plaintiffs are individual taxpayers.

3.      Defendant is The United State of America.

4.      The jurisdiction of this Court is based upon the provisions of 28 U.S.C. Section 1346(a)(1) and 26 U.S.C. Section 7422 which provides jurisdiction for claims for refunds.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1402(a).

## FACTUAL BACKGROUND

6.      On January 31, 1997, plaintiffs filed with the Internal Revenue Service Center for the Ohio District at the Cincinnati Service Center, Cincinnati, Ohio, their joint income tax return for the calendar year ending December 31, **1994**.  A copy of the IRS's transcript of plaintiffs' 1994 income tax return is attached as Exhibit A.

7.      Plaintiffs paid their 1994 income taxes in the following amounts on the following dates:

|            |   |                   |
|------------|---|-------------------|
| $20,000.00 | - | January 31, 1997  |
| $25,790.20 | - | March 17, 1997    |
| $   126.87 | - | November 25, 1997 |

The $20,000.00 amount was initially received by the IRS on January 2, 1995, and was intended by plaintiffs as a deposit, **and this amount became a payment upon the filing of the plaintiffs'** 1994 income tax return on January 31, 1997.

8.      On January 31, 2000, plaintiffs filed with the Internal Revenue Service Center for the Ohio District at the Cincinnati Service Center, Cincinnati, Ohio an amended joint income tax return for the calendar year December 31, 1994, and a claim for refund in the amount of Twenty Nine Thousand One Hundred and 64/100 Dollars ($29,100.64) (the "Refund Claim") on the ground that the total tax previously paid was erroneously paid and collected by the IRS.  A copy of plaintiffs' amended 1994 income tax return and the Refund Claim is attached as Exhibit B.

9.      The IRS denied the Refund Claim on May 23, 2000, stating that the claim was not timely filed.  A copy of the IRS denial of the Refund Claim is attached as Exhibit C.


10.     On June 23, 2000, plaintiffs filed a Protest Notice of Appeal.

11.    The IRS appeals office ruled that the Refund Claim was filed timely pursuant to 26 U.S.C. Sections 7502 and 6511, and on October 20, 2000, the IRS appeals office issued a jurisdictional release to the IRS district office for appropriate action to process the Refund Claim.  A copy of the jurisdictional release is attached as Exhibit D.

12.    On February 12, 2001, the IRS District office and Service Center issued the refund letter.  A copy of the refund letter is attached as Exhibit E.

13.    Before the refund check was issued, the IRS examination department placed a hold on the refund and requested an examination of plaintiffs' 1994 income tax return.

14.    As of May 23, 2002, the IRS examination department had not concluded its examination of plaintiffs' **1994** income tax return.

15.    In 1996, plaintiffs filed with the Internal Revenue Service Center for the Ohio District at the Cincinnati Service Center, Cincinnati, Ohio, their joint income tax return for the calendar year ending December 31, **1993**.  A copy an item which evidences some or all of plaintiffs' 1993 income tax return is attached as Exhibit F, but plaintiffs do not the entire return.

16.    Plaintiffs paid their 1993 income taxes at the time that they filed the 1993 returns.

17.    Thereafter, the IRS performed an audit (the "Audit") of plaintiffs' 1993 joint income tax return.

18.    The Audit resulted in the disallowance by the IRS, on or about April 6, 1998, of numerous of plaintiffs' deductions and expenses that they had taken.

19.    The Audit also resulted in plaintiffs allegedly owing just over $77,000.00 in additional taxes.

20.    Plaintiffs promptly paid the above additional taxes that were allegedly due and filed with the Internal Revenue Service Center for the Ohio District at the Cincinnati Service Center, Cincinnati, Ohio an amended joint income tax return for the calendar year December 31, 1993.  A copy of a portion of plaintiffs' amended 1993 joint income tax return and the Refund Claim is attached as Exhibit G, but they are not confident that they have the entire return.

21.    On May 22, 1998, plaintiffs filed a Protest and Notice of Appeal.

22.    On June 2, 1998, an informal conference was held among the IRS, the taxpayer, plaintiff, Mr. Thurston, and the former holder of a Power of Attorney for plaintiffs; but, the disallowances were later affirmed on July 13, 1998.  (See Exhibit H attached.)

23.    Thereafter, plaintiffs were able to achieve success with the IRS at a higher level, and a refund was issued to them in an amount which exceeded the $77,000.00 figure referred to above as it included interest and penalties assessed against the IRS.

24.    Additional action followed which was initiated by the IRS and, on October 16, 2002, the IRS issued a "Full Disallowance".  A copy of the Full Disallowance is attached as Exhibit I.

25.    The IRS affirmed its position by letter dated December 18, 2003, and closed the case.  A copy of the letter is attached as Exhibit J.

26.    At all relevant times, IRS was acting under the authority of and as an agent for defendant, The United States of America.

## CLAIM FOR REFUND (1994 Tax Year)

27.    The IRS initially disallowed the refund claim for the amount of Twenty Nine Thousand One Hundred and 64/100 ($29,100.64) because the IRS found that plaintiffs' claim for refund was not timely filed.

28.    Plaintiffs' amended 1994 income tax return showed an overpayment of tax and, therefore, is considered a claim for refund.

29.    A claim for refund must be filed within three (3) years from the time plaintiffs' 1994 income tax return was filed or within three (3) years from the time the tax was paid. 26 U.S. Section 6511(a) and (b)(2).

30.    Plaintiffs were therefore required to file their claim for refund on or before January 31, 2000.

31.    The IRS appeals office has determined that the Refund Claim was timely filed.

32.    The IRS has delayed paying the Refund Claim.

33.    Pursuant to 26 U.S.C. Section 6532(a)(1), any suit for the recovery of income tax must be commended within two (2) years after the date the IRS mailed the denial of the Refund Claim to plaintiffs.

34.    Because the initial denial of the Refund Claim was dated May 23, 2000, plaintiffs must file their complaint on or before May 23, 2002, in order to protect their rights with respect to the Refund Claim.

35.    Pursuant to 26 U.S.C. Section 7422, plaintiffs seek an order from this Court determining that the Refund Claim was timely filed and requiring the IRS to pay the amount of the Refund Claim to the Plaintiffs without further delay.

## CLAIM FOR REFUND (1993 Tax Year)

36.    The IRS disallowed certain of plaintiffs' deductions for the tax year 1993, and it has claimed that the refund was erroneously issued.

37.    A claim for refund must be filed within three (3) years from the time plaintiffs' 1993 joint income tax return was filed or within three (3) years from the time the tax was paid. 26 U.S. Section 6511(a) and (b)(2).

38.    Plaintiffs were therefore required to file their claim for refund on or before the year 1999, which they did as they actually received the refund in 1998.

39.    Because the Full Disallowance was issued on October 16, 2002, plaintiffs must file their complaint for refund claim on or before October 16, 2004, in order to protect their rights with respect to the Refund Claim.

40.    Plaintiffs have obtained an extension of time in which to file such claim until and including December 31, 2004.  (See Exhibit K.)

41.    Pursuant to 26 U.S.C. Section 7422, plaintiffs seek an order from this Court determining that the deductions taken by plaintiffs for the tax year 1993 were proper; that the Refund Claim was timely filed, and that it was properly granted; and requiring the IRS to relinquish its claim to the refund without further delay.

**WHEREFORE**, plaintiffs demand judgment and other relief against defendant as follows:

(a)    A determination that the claim for refund for the tax year 1994 was timely filed;

(b)    An order requiring the IRS to pay the amount of the Refund Claim for the tax year 1994 to plaintiffs without further delay;

(d)    A determination that all deductions claimed by plaintiffs for the tax year 1993 are appropriate and were wrongfully disallowed by the IRS;

(e)    An Order that the refund for the tax year of 1993 was timely filed, and that it was properly granted, and that the IRS shall relinquish its claim to the refund; and

(e)    All other relief to which plaintiffs may be entitled.

Charley Hess, Esq.
Ohio Sup. Ct. Regis. No. 0023350
Trial Attorney for Plaintiffs
1520 Old Henderson Road
Suite 102A
Columbus, Ohio  43220
(614) 442-5800
(614) 442-5802 Fax

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing has served by ordinary U.S. Mail this _12_ day of _Feb_ , 2004, upon the following:

Michael Davis,  Esq.
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office 55
Ben Franklin Station
Washington, D.C. 20044

Charley Hess